**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Trimble, | ) |
| Plaintiff, | ) No. CIV 04-0745-PHX-PGR (DKD) |
| vs. | ) **ORDER** |
| City of Phoenix Police Department, et al., | ) |
| Defendants. | ) |

### NOTICE - - WARNING TO PLAINTIFF

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*[1]

The Defendants[2] Motion for Summary Judgment (Doc. #145) seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material facts–that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgement that is properly supported by declarations (or other sworn testimony), you cannot simply rely on

---

[1] *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998).

[2] Joseph Arpaio and Detention Officer Montoya.

what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

LRCiv 56.1 of the Rules of Practice of the United States District Court for the District of Arizona also requires, in addition, that you include as a part of your opposition to a Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment.

> (1) Any party filing a motion for summary judgment shall set forth separately from the memorandum of law, and in full, the specific facts on which that party relies in support of the motion.  The specific facts shall be set forth in serial fashion and not in narrative form.  As to each fact, the statement shall refer to a specific portion of the record where the fact may be found (i.e., affidavit, deposition, etc.).  Any party opposing a motion for summary judgment must comply with the foregoing in setting forth the specific facts, which the opposing party asserts, including those facts which establish a genuine issue of material fact precluding summary judgment in favor of the moving party. In the alternative, the movant and the party opposing the motion shall jointly file a stipulation signed by the parties setting forth a statement of the stipulated facts if the parties agree there is no genuine issue of any material fact.  As to any stipulated facts, the parties so stipulating may state that their stipulations are entered into only for the purposes of the motion for summary judgment and are not intended to be otherwise binding.

Additional provisions of LRCiv 7.2, Rules of Practice of the United States District Court for the District of Arizona are as follows:

> Subparagraph (e) of the Rule provides:
>
> Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts. Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.

Subparagraph (i) of Rule provides:

> If a motion does not conform in all substantial respects with the requirements of this Rule, or if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

**It is Plaintiff's obligation to timely respond to all motions. The failure of Plaintiff to respond to Defendants' Motion for Summary Judgment may in the discretion of the Court be deemed a consent to the granting of that Motion without further notice, and judgment may be entered dismissing the complaint and action with prejudice pursuant to LRCiv 7.2(i).** *See Brydges v. Lewis*, **18 F.3d 651 (9th Cir. 1994) (per curiam).**

IT IS THEREFORE ORDERED:

1. That Plaintiff shall have until January 19, 2006 within which to file a response to Defendants' Motion for Summary Judgment, together with supporting affidavits or other appropriate exhibits and a separate Statement of Facts.

2. That Defendants shall have until February 3, 2006 to file a reply.

DATED this 20th day of December, 2005.

_____
David K. Duncan
United States Magistrate Judge

- 3 -