**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Randy Trimble,

      Plaintiff,

vs.

City of Phoenix Police Department, et al.,

      Defendants.

No. CIV 04-0745-PHX-PGR (DKD)

**ORDER**

Pending before the Court are the following:

1. Plaintiff's Motion for Aggravating Circumstances (Doc. #124), filed August 1, 2005;

2. Defendants' Motion to Strike (Doc. #129), filed August 29, 2005;

3. Plaintiff's Ex Parte Motion Regarding Copy of Rules (Doc. #133), filed August 29, 2005;

4. Plaintiff's Motion to Appoint Counsel (Doc. #148), filed December 21, 2005;

5. Plaintiff's Motion to Appoint Doctor (Doc. #153), filed December 27, 2005; and

6. Plaintiff's Motion to Amend/Correct Complaint (Doc. #165), filed March 9, 2006.

Plaintiff filed his original Complaint on April 15, 2004 (Doc. #1), First Amended Complaint on June 7, 2004 (Doc. #14), Second Amended Complaint on October 15, 2004 (Doc. #47), and his Third Amended Complaint on December 30, 2004 (Doc. #107). On April 29, 2005, Plaintiff's Third Amended Complaint was screened (Doc. #111) and Defendants Arpaio and Montoya were directed to file an Answer to the Complaint. Defendants filed their Answer on July 13, 2005 (Doc. #118).

**A.     Plaintiff's Motion for Aggravating Circumstances**

Plaintiff appears to be requesting a special master to review and investigate alleged lack of care by Defendants ("aggravating circumstances demanded [sic] and allow the United States Magistrate Judge to make a determination of facts ... ."). Plaintiff's previous two requests (Doc. #34, 40) for the appointment of a special master have been denied. In his Motion to Withdraw Summary Judgment (Doc. #123), Plaintiff moved to withdraw his Motion for Summary Judgment (Doc. #117) stating that he needed a special master to collect evidence to file criminal charges against Defendant Arpaio. Plaintiff further requests in his pleading entitled "Court's Discretion" (Doc. #141) that he be appointed a special master to collect evidence to file criminal charges against Defendant Arpaio for criminal neglect which resulted in the death of Deborah Braillard. The appointment of a Magistrate Judge as a special master requires designation by the district court, and absent exceptional circumstances, consent of the parties. *See* 28 U.S.C. § 636(b)(2). Absent such designation by the district court, and the consent of the parties, Plaintiff's request will be denied.

**B.     Defendants' Motion to Strike**

Defendants request that the Court Strike Plaintiff's Required Disclosure (Doc. #121) stating that the Federal Rules do not provide for such a pleading. Plaintiff is advised that discovery requests need not be filed with the Court but rather submitted to opposing counsel with a Notice of Service filed with the Court. Federal Rules of Civil Procedure, Rule 5(d):

> All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service, but disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: (i) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admission.

*Also see* Rules of Practice of the United States District Court, District of Arizona (Local Rules), LRCiv 5.2:

> A "Notice of Service" of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers.

- 2 -

1  Accordingly, Defendants' request to strike Plaintiff's request will be granted.

2  Plaintiff has also filed the following request/production of documents/discovery (Doc.
3  #122, 130, 131, 132, 142, 144, 150, 151). Defendants have filed responses/notice of service to
4  Plaintiff's requests (Doc. #127, 135, 136, 140, 146, 152, 154, 158, 160, 162, 164). The
5  information that Plaintiff has requested has been provided by Defendants through the normal
6  course of discovery. For other requested information, Plaintiff has failed to demonstrate the
7  relevancy of the requested information as it pertains to his case. Furthermore as stated above,
8  Plaintiff failed to follow the proper procedures outlined in the Federal Rules of Civil Procedure
9  for obtaining discovery.

**C.    Plaintiff's Ex Parte Motion Regarding Copy of Rules**

On August 29, 2005, Plaintiff requested that he be provided with a copy of the Federal Rules of Evidence. On September 8, 2005, Defendants provided Plaintiff with a copy of the Federal Rules of Evidence (Doc.#137). Therefore, Plaintiff's request will be denied as moot.

**D.    Plaintiff's Motion to Appoint Counsel**

Plaintiff has on two previous occasions requested the appointment of counsel (Doc. #12, 99). Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of plaintiff to articulate his claims in view of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff has still not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Moreover, Plaintiff's numerous filings with the Court as well as the pending motions, indicate that Plaintiff is capable of presenting legal and factual arguments to the Court. After reviewing the file, the Court determines that this case does not present exceptional

1  circumstances requiring the appointment of counsel. Therefore, Plaintiff's motion will be
2  denied.

### E.  Plaintiff's Motion to Appoint Doctor

Plaintiff has requested that the Court appoint a "neutral" doctor to review the medical records (Doc. #153). Citing Fed. R. Evid. 706, he seeks to have the Court "appoint an expert of its own" (*Id*.). The Court will deny the motion. Rule 706 permits the trial court, in an exercise of its discretion, to appoint an independent expert to aid the trial court under certain circumstances. Reasonably construed, it does not contemplate the appointment of, and compensation for, an expert to aid one of the parties. *See generally, 4Weinstein's Federal Evidence* § 706 App. (2nd Ed. 2006). In any event, the *in forma pauperis* statute, 28 U.S.C. § 1915, does not waive the requirement of the payment of fees or expenses for witnesses in a § 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993).

### F.  Plaintiff's Motion to Amend/Correct Complaint

Plaintiff has requested that he be given permission (leave) to amend his complaint to conform to the evidence regarding this matter. As stated above, Plaintiff has previously amended his complaint and Defendants have filed their answer to the amended complaint. Furthermore, discovery deadlines have lapsed and this Court's July 22, 2005 Scheduling Order (Doc. #119) regarding the Proposed Pretrial Order has been stayed pending disposition of Defendants' Motion for Summary Judgment (Doc.#161). Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff's request will be denied.

**IT IS ORDERED** denying Plaintiff's Motion for Aggravating Circumstances (Doc. #124).

**IT IS FURTHER ORDERED** granting Defendants' Motion to Strike (Doc. #129).

**IT IS FURTHER ORDERED** denying Plaintiff's Ex Parte Motion Regarding Copy of Rules (Doc. #133), as moot.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Appoint Counsel (Doc. #148).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Appoint Doctor (Doc. #153).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Amend/Correct Complaint (Doc. #165).

DATED this 23rd day of March, 2006.

_____
David K. Duncan
United States Magistrate Judge